COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Humphreys and Senior Judge Duff


TAMMY J. TAYLOR

                                    MEMORANDUM OPINION*
v.    Record No. 1963-00-3              PER CURIAM
                                     DECEMBER 12, 2000
JAMES MADISON UNIVERSITY AND
 COMMONWEALTH OF VIRGINIA


              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (A. Thomas Lane, Jr., on brief), for
              appellant.

              (Mark L. Earley, Attorney General; Judith
              Williams Jagdmann, Deputy Attorney General;
              Gregory E. Lucyk, Senior Assistant Attorney
              General; Donald G. Powers, Assistant Attorney
              General, on brief), for appellees.


     Tammy J. Taylor contends that the Workers' Compensation

Commission erred in denying her claim for an award of temporary

total disability benefits for the period from August 14, 1999

through August 26, 1999.  Upon reviewing the record and the

briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the commission's

decision.  See Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Factual findings made by the commission will be upheld on appeal if supported by credible evidence. See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

The commission denied Taylor an award of temporary total disability benefits for the period from August 14, 1999 through August 26, 1999 on the ground that her discharge constituted an unjustified refusal of selective employment. As support for its ruling, the commission found as follows:

> [C]laimant, age 37, injured her back, neck, and shoulder while lifting trash into a dumpster on July 13, 1999. The claim was accepted as compensable, and the claimant underwent physical therapy for neck and back strain. She was released to full duty on August 26, 1999. She was working for employer in a light duty capacity when on August 13, 1999, she left work because she soiled her clothing. When the claimant returned to work four hours later, she was terminated for excessive absenteeism. As a new employee, she was still on probation with the employer.
>
> Vickie Dovel, the claimant's supervisor, stated that the claimant received a verbal warning about absenteeism on July 15, 1999. The claimant began her employment with the employer on June 10, 1999. She was absent on June 10 and 11 for a death in the family. Prior to her injury, she missed June 23, June 29, June 30 and July 12, 1999, for various reasons. She missed work on August 6, 1999, for a family illness and on August 13, 1999, she was gone from work for four hours because she soiled her clothes twice. She lived one-half hour from work.

These findings are supported by credible evidence. Thus, these findings are binding and conclusive upon us.

- 2 -

Based upon this record, the commission did not err in concluding that Taylor's excessive absenteeism, unrelated to her injury, constituted an unjustified refusal of selective employment, and in denying her benefits for the period from August 14, 1999 through August 26, 1999.  In Eppling v. Schultz Dining Programs, 18 Va. App. 125, 442 S.E.2d 219 (1994), we recognized that "[a]lthough Eppling's employer had 'cause' for terminating her selective employment due to excessive absenteeism, her absences were due to health problems and not due to 'wrongful act[s]' that 'justified' her dismissal so as to permanently deprive Eppling of having her workers' compensation benefits reinstated."  Id. at 129, 442 S.E.2d at 222.  Under Eppling, a discharge for "cause" related to excessive absenteeism, although not constituting a wrongful act that justifies permanent forfeiture of benefits, is sufficient to find an unjustified refusal of selective employment.  See id. at 130, 442 S.E.2d at 222.  Such a finding bars the employee from receiving benefits until the employee takes sufficient steps to "cure" the refusal.  See id. at 130-31, 442 S.E.2d at 222.

For these reasons, we affirm the commission's decision.

Affirmed.